Leon WILLIAMS v. STATE of Arkansas

5662                                    475 S.W. 2d 685

Opinion delivered January 24, 1972
[Rehearing denied February 28, 1972.]

*Harold L. Hall,* for appellant.

*Ray Thornton,* Attorney General; *Henry Ginger,* Deputy Atty. Gen., for appellee.

Conley Byrd, Justice. For reversal of the verdict finding him guilty of assault with intent to kill, appellant Leon Williams urges that (1) the evidence is insufficient to support the verdict and (2) the court erred in giving State's requested instruction No. 2 over his objection.

On the evening of August 7, 1969, outside a cafe in Little Rock there was a fight between "Pap" Williams and David Lewis. Appellant, "Pap's" brother, one of a number of people watching the fight, kept telling people to stay out of the fight. When William Ham went up to the combatants, appellant shot him in the back. Appellant, "Pap" Williams and his wife Ruby testified that Ham came to the scene of the fight with a knife in his hand, threw Ruby Williams to the ground when she attempted to stop him from entering the fight, and went over to get into the fight. Ham, a friend of David Lewis, and other witnesses for the State testified that Ham had no knife and had just pulled Lewis off "Pap" Williams when he was shot. Appellant testified that he fired just once, shooting down, and didn't intend to hit Ham but

to scare him off. One young witness testified that after Ham was shot and fell on his face, he asked appellant if he could pick up Ham, that appellant told the witness, "No, you can't pick him up, Don't nobody pick him up," but the witness picked him up anyway.

The court instructed the jury on both assault with intent to kill and assault with a deadly weapon (a misdemeanor). We find the evidence was sufficient to support the felony verdict.

Appellant next complains of State's requested instruction No. 2, concerning intent to kill, to which appellant generally objected. Appellant relies upon *Davis v. State*, 115 Ark. 566, 173 S. W. 829 (1914); however, in the *Davis* case a substantially similar instruction was approved as correct. *Davis* was reversed because of the court's failure to instruct the jury that an out of court confession was not sufficient to warrant a conviction until there was other proof tending to show the offense was committed.

Affirmed.